DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAIME del RIO, ) | |
| a/k/a EDUARDO BURGOS-DEL RIO, ) | CASE NO. 5:06CR239 |
| ) | 5:10 CV 1580 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

I. INTRODUCTION

The petitioner, Jaime Del Rio, also known as Eduardo Burgos-Del Rio, filed an action on July 16, 2010 under the provisions of 28 U.S.C. § 2255 in which he contends that he was denied the effective assistance of counsel, and as a consequence, his guilty plea and sentence to a term of 46 months in prison should be vacated. The defendant was indicted on May 10, 2006 and subsequently arraigned on the 16th day of July, 2007. On September 13, 2007 the defendant entered a plea of guilty to a count of conspiracy with the intent to distribute and distribute 100 kilograms or more of marijuana.

Rule 4 regarding Section 2255 proceedings calls for the initial consideration by the judge of the petition and provides that where the court finds that the petitioner is not entitled to relief, the court is directed to dismiss the petition and direct the clerk to notify the moving party. After the review of the documents in this case the court finds that the petitioner is not entitled to relief based on the foregoing analysis.

(5:10 CV 1580)

## II. THE BASIS OF THE PETITIONER'S CLAIM
## THAT HE IS ENTITLED TO RELIEF

The petitioner contends that he was denied the effective assistance of counsel in connection with his plea of guilty and ensuing sentence. The petitioner's contention appears anchored in the proposition that the action against him was first dismissed following an identity hearing conducted in California. In sentencing the defendant the court reviewed the petitioner's claim regarding his correct name and his success at the first identity hearing in the following passage:

> The defendant has constantly maintained that his name is not Jaime Del Rio, but rather is Eduardo Burgos, and as a consequence, should not be the named defendant in this case. Notwithstanding the defendant's position, he entered a plea of guilty to the crime of conspiracy with respect to intent to distribute and distribute 100 kilograms or more of marijuana. On the occasion of the sentencing hearing, the defendant again insisted on claiming that he was not the defendant charged in count 1 of the indictment, even though he had previously entered the plea of guilty. The Court had previously considered this issue and had been advised that the defendant had initially denied that he was the person named in the indictment while he remained in the state of California. The first identity hearing resulted in a denial of the government's request to transport the defendant from California to Ohio. A second identity hearing was conducted after FBI Special Agent Todd DeKatch traveled to California for the purpose of the identity hearing. during the sentencing hearing conducted on December 12, 2007, Special Agent Todd DeKatch was requested to appear at the sentencing hearing, and did so. He identified the defendant as the person identified in the indictment as Jaime Del Rio and further testified that after he traveled to California for the identity hearing, the defendant waived the hearing. It developed during the sentencing hearing conducted on December 12, 2007, that the defendant was of the belief that the government was collaterally estopped from requesting a second identity hearing. In support of his position, the defendant, acting in a pro se capacity, despite the presence of his counsel, tendered to the Court a document attached hereto as Appendix I, which constituted the government's position in California that it was entitled to a second identity hearing. Following the testimony of

2

(5:10 CV 1580)

> Special Agent Todd DeKatch, the Court concluded that the defendant's continuing contention that he was in some manner the wrong person, was totally without merit and proceeded to conduct the sentencing.

(ECF No. 243, pg. 1-2.)

### III.  THE WRITTEN GUILTY PLEA

The defendant entered a plea of guilty in a lengthy proceeding on September 13, 2007. During the court's colloquy with the defendant, the following exchange took place:

> THE COURT: Now, I understand from the dialog that you and I had a week or so ago that the name under which you've been prosecuted, Jaime Del Rio, is really not your true name; is that correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: This plea agreement says Eduardo Burgos-Del Rio.  Is that your true name?
>
> THE DEFENDANT: Your Honor.

(ECF No. 271, pg. 7-8.)

The caption on the written plea agreement stated:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:06 CR 0239 |
| | ) | |
| Plaintiff, | ) | Judge David D. Dowd, Jr. |
| | ) | |
| vs. | ) | |
| | ) | |
| JAIME DEL RIO, | ) | |
| (True Name: EDUARDO BURGOS-DEL RIO) | ) | |
| | ) | PLEA AGREEMENT |
| Defendant. | ) | |

(ECF No. 241, pg. 1.)

(5:10 CV 1580)

The signature block for the defendant in the written plea agreement identifies him as "Eduardo Burgos-Del Rio."

Paragraph 17 of the Plea Agreement contains a Statement of Counsel which follows:

> 17. As attorney(s) for the defendant, I have discussed in detail this case with client, EDUARDO BURGOS-DEL RIO, including all plea offers - and the within plea agreement - and have advised him of all matters within the scope of Rule 11, Federal Rules of Criminal Procedure, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including sentencing ramifications. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in the written agreement. This agreement sets forth the full and complete terms and conditions of the agreement between EDUARDO BURGOS-DEL RIO and the government.

(ECF No. 241, pg. 12-13.)

The Factual Basis for Guilty Plea is set forth at paragraph 13 beginning on page 7 and continuing through page 10 and states as follows:

> 13. The defendant, JAMIE DEL RIO (True Name: EDUARDO BURGOS-DEL RIO) agrees that if this matter were to proceed to trial, the United States through a court authorized Title III wiretap, witness testimony, and other evidence could prove facts beyond a reasonable doubt establishing each of the essential elements of the crime to which he is pleading guilty, including, but not limited to the following:
>
> A. During a period beginning at least as early as approximately April 2005, to January 2006, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, along with Michael Lashawn Spragling and others, did knowingly and intentionally combine, conspire, confederate and agree to possess with the intent to distribute and to distribute 100 kilograms (220 pounds) or more of marijuana, a Schedule I controlled substance.
>
> B. It was part of the conspiracy that the defendant used inter-state freight companies to ship marijuana from California to Michael Lashawn Spragling in Northeast Ohio, for further distribution in Northeast Ohio.

4

(5:10 CV 1580)

   C.  In furtherance thereof, and to effect the goals and conceal the existence of the conspiracy, the defendant and others performed overt acts including, but not limited to, the following:

   (1) In late March 2005, the defendant caused 4 crates, weighing a total of 1,340 pounds, to be shipped in the name of "Decorative Pottery & Statuary, 1255 Morena Blvd., Chula Vista, CA" to "Bensein Pottery & Ceramics, C/O ABF Service Center, 1835 Coventry Road, Parma, Ohio."

   (2) On or about April 4, 2005, at 1613 Maxen, Akron, Ohio, Michael Lashawn Spragling possessed the following: approximately 13 pounds of marijuana in a 55 gallon steel drum (the marijuana consisted of 1 bale of marijuana and a number of packaged marijuana in 1 gallon storage bags) : three other empty 55 gallon drums; scales; and packaging material (1 gallon storage bags).  The 55 gallon steel drum containing the marijuana was within a wooden crate with a label noting the shipper as "Decorative Pottery & Statuary, 1255 Morena Blvd. Chula Vista, CA" and the destination as "Bensein Pottery & Ceramics, C/O ABF Service Center, 1835 Coventry Road, Parma, Ohio."

   (3) On or about October 23, 2005, at approximately 7:51 p.m., in a telephone conversation, Jonathan foreman and JAMIE DEL RIO (EDUARDO BURGOS-DEL RIO) referenced Michael Lashawn Spragling.  DEL RIO (BURGOS) indicated that a shipment of marijuana would be forthcoming in about two weeks.

   (4) On or about December 21, 2005, at approximately 6:32 p.m., in a telephone conversation, JAMIE DEL RIO (EDUARDO BURGOS-DEL RIO), and Michael Lashawn Spragling discussed a shipment of marijuana that DEL RIO ( BURGOS-DEL RIO) would send for arrival in Ohio a day or two after New Years.

   (4) [sic] On or about January 1 2006, at approximately 7:58 p.m., in a telephone conversation, JAMIE DEL RIO (EDUARDO BURGOS) informed Michael Lashawn Spragling that "the girls" (marijuana) would be sent on Monday, and would be in Ohio on Friday or Monday at the latest.

   (5) On or about January 7, 2006, at approximately 9:31 p.m., in a telephone conversation, JAMIE DEL RIO (EDUARDO BURGOS-DEL RIO) told Michael Lashawn Spragling he explained the details of the marijuana shipment to Jonathan Foreman.  DEL RIO (BURGOS-DEL

5

(5:10 CV 1580)

>       RIO) added that his people have a California Drivers License and they
> needed someone to rent a U-Haul truck in Ohio.
>
>       (6) On or about January 9, 2006, JAMIE DEL RIO (EDUARDO
> BURGOS-DEL RIO) and an associate were present at the Baymont Inn,
> Interstate 71 and 150th Street, Cuyahoga County, Ohio.
>
>       (7) On or about January 9, 2006, at approximately 11:42 a.m., in a
> telephone conversation, JAMIE DEL RIO (EDUARDO BURGOS-DEL
> RIO) and Michael Lashawn Spragling discussed giving the DEL RIO
> (BURGOS-DEL RIO) associate $2,000 to rent a U-Haul truck so that the
> marijuana could be picked up and delivered to Spragling and/or his
> associates.
>
>       (8) On or about January 10, 2006, JAMIE DEL RIO (EDUARDO
> BURGOS-DEL RIO) caused approximately 455 pounds of marijuana to
> be present at Watkins Motor Freight Lines, Garfield Heights, Ohio, for
> delivery to Michael Lashawn Spragling. The marijuana was within steel
> drums within wooden crates. The four crates weighed a total of 1,135
> pounds. The purported shipper was "The Potters Wheel & Ceramics, 835
> N. Vulcan Avenue, Encinitas, CA" and the purported destination was
> "The Pottery & Garden World" 928 Som Center Rd, Cleveland, Ohio).
>
>    D.  The government's evidence shows that the defendant's personal,
> jointly undertaken, and reasonably foreseeable relevant criminal conduct within
> the scope of the conspiracy involved at least 400 kilograms (880) pounds) of
> marijuana.
>
>    The defendant, JAMIE DEL RIO (True Name: EDUARDO BURGOS-
> DEL RIO), acknowledges that the above outline of his conduct does not set forth
> each and every act committed in furtherance of the offense to which he is
> pleading GUILTY, and that the government could prove other acts evidencing
> criminal conduct.

(ECF No. 241, pg. 7-10.)

### IV. THE DECISION OF THE SIXTH CIRCUIT COURT OF APPEALS

The Sixth Circuit affirmed the defendant's conviction and sentence and, in the process,

referred to the identity hearings in the following passage:

6

(5:10 CV 1580)

>In May 2006, the government charged Del Rio in the Northern District of Ohio in a four-count indictment, also naming seven others, with conspiracy to possess with intent to distribute and to distribute one hundred kilograms or more of marijuana. After Del Rio was arrested in California, a magistrate judge held an identity and removal hearing. The magistrate judge concluded that the United States failed to meet its burden of demonstrating that the person detained in California was Del Rio, refused to issue a warrant of removal, and ordered Del Rio released from custody.
>
>The district court in the Northern District of Ohio subsequently issued another arrest warrant for Del Ro, based on the same underlying indictment. Del Rio was rearrested in June 2007. Del Rio waived a second identity and removal hearing and a magistrate judge ordered that Del Rio be delivered to the Northern District of Ohio.
>
>Thereafter, Del Rio entered a written plea of guilty to the charged offense, which included a waiver of his right to appeal or collaterally attack his conviction and sentence except in certain limited circumstances. After conducting a hearing, the district court accepted Del Rio's plea of guilty.

(ECF No. 293, pg. 1-2.)

However, the court of appeals indicated that it would not consider the petitioner's claim that he had been denied the effective assistance of counsel as such claims are not normally considered on direct appeal.

## V.  THE BASIS OF THE PETITIONER'S CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL LAWYERS

The petitioner continues to advance the proposition that because he was successful in contesting his identification at the initial identity hearing, the second identification hearing and the subsequent prosecution constituted double jeopardy. The petitioner also appears to contend that the government was collaterally estopped from requesting and proceeding with a second identity hearing.

7

(5:10 CV 1580)

As indicated in the court's sentencing Memorandum Opinion Analyzing the Sentencing Factors Set Forth in 18 U.S.C. Section 3553(a) (Docket No. 243) during the sentencing hearing the defendant, in a pro se manner, even though he was represented by counsel, tendered to the court what the court listed as Appendix 1 and which constituted the government's argument in support of the proposition that it was entitled to a second identity hearing. For the purposes of this opinion what was identified as Appendix 1 in the Court's sentencing memorandum is attached hereto, again, as Appendix 1. It is apparent from a reading of Appendix 1 that the government was providing a detailed explanation as to why the government was not precluded from arresting the defendant on a "new out-of-district arrest warrant."

The court agrees with the argument set forth in Appendix 1 and concludes that the petitioner's continuing claim that the government's failure to identify him in the first identity hearing does not give rise to either a double jeopardy claim or an estoppel claim.

Consequently the fact that the petitioner's trial counsel failed to advance such an argument does not constitute the ineffective assistance of counsel.

As a result the petition is dismissed and the clerk is directed to so notify the petitioner.

IT IS SO ORDERED.

| | |
|---|---|
| July 21, 2010 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |